GEORGE A. WELCOME, JR., Claimant, *v.* STATE OF NEW
YORK.

(Court of Claims, State of New York, November, 1918.)

**Negligence — what not contributory — state negligent in the care and
maintenance of bridge.**

> Where the evidence establishes that the collapse of bridge
> No. 66 over the Erie canal between Rotterdam Junction and
> Schenectady and the consequent damage to claimant's motor
> bus, which he was driving at the time of the accident, were due
> to the negligence of the state in the care, maintenance, and
> repair of the bridge, and that he was not guilty of con-
> tributory negligence, he will be given an award of damages
> though it appears that, for about two years prior to the acci-
> dent, he had crossed the bridge eight times a day, during which
> time there was, at one or both approaches to the bridge, a
> notice reading " Loads weighing over two tons and a half must
> not cross this bridge. By order of Superintendent of Public
> Works " and it further appears that the bus and passengers
> substantially exceeded such weight limit.

CLAIM for damages to motor bus by collapse of
bridge over Erie canal.

Del. B. Salmon, for claimant.

Glen A. Frank, Deputy Attorney-General, for State
of New York.

CUNNINGHAM, J.    The salient facts in this case
were lucidly narrated by Judge Fennell, in the opinion
of this court written by him, in the claim of *Beeman* v.
*State of New York,* No. 2530-A, 16 C. of C. Rep. 153.
This claim is made by the claimant as owner of the
motor bus, in which the other claimant, Malvina
Beeman, was a passenger, when bridge No. 66 over

the Erie canal, on the road between Rotterdam Junction and Schenectady in this state, collapsed under the bus, resulting in injury to the latter and to the passengers. The claim at bar is defended on the ground of the claimant Welcome's alleged contributory negligence, and on the ground that he is not the real party in interest, or the sole party in interest in the claim.

In the *Beeman* case this court made a substantial award to the claimant. We held that the collapse of the bridge and the consequent injury to her were due solely to the negligence of the state in the care, maintenance, and repair of the bridge, and that she was guilty of no contributory negligence. Our award was unanimously affirmed by the Appellate Division without opinion. *Beeman* v. *State*, 179 App. Div. 964. We think the determination in the *Beeman* case is conclusive here. No substantial differentiation can be made between the two claims. It is true that this claimant, Welcome, was the driver of the bus and had crossed this bridge eight times a day for about two years prior to the accident, during which time a notice was at one, or both approaches to the bridge, reading, " Notice, Loads weighing over two tons and a half must not cross this bridge. By order of Superintendent of Public Works." No proof is before us of the accurate weight of the bus and passengers, but there is no doubt from the evidence that it very substantially exceeded two and one-half tons in weight, and that this was obvious to any observer. The claimant testified that he never observed the notices referred to, or either of them. The only distinction between this case and the *Beeman* case is that this claimant was the owner and driver of the bus instead of a passenger. It is argued that he must be held, notwithstanding his denial, to have observed and to have been aware

of the notices, and that to have driven over the bridge under such circumstances was negligence. However, there is no real difference in this respect from the *Beeman* case. The claimant Beeman likewise had passed over the bridge in this bus several times each week for two years or more. If it can be urged that the driver ought to have seen and observed the notices, it can be argued with equal force that the passenger, Beeman, had opportunities, to do so, equal or superior to the driver, whose attention and care necessarily was occupied to a considerable extent in the direct operation and manipulation of his car. If both of them notwithstanding their denials, were aware of the notices, everything else being equal, it was no more negligent for one to cross the bridge than the other. Therefore, the determination in the *Beeman* case is binding on us here.

We find that the claimant is the sole and real party in interest. It is true that the relations of himself and his father to the bus business were somewhat unusual. In connection with other testimony this might be deemed important. Standing alone this fact cannot prevail over the uncontradicted and positive testimony of the claimant and his father, that the former, at the time of the injury to the bus, was sole owner of it.

The claimant was damaged in at least $2,000, the amount of his claim, and an award in that sum is made.

ACKERSON, P. J., concurs.

Award accordingly.